## VEUVE *vs.* RIGHTER.

APPEAL FROM THE THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Service of the citation and petition of appeal at the last domicil of the appellee, residing within the state is insufficient, it should have been at his usual residence.

This was an action to recover damages for slanderous words spoken of the plaintiff by the defendant. The general denial was pleaded.

The cause was submitted to two juries in the inferior court, and both returned verdicts for the plaintiff. The defendant appealed.

The sheriff's return of the service of citation of appeal was in the following words:

"Received, Friday, 17th May, 1833, and served same day by leaving a copy thereof, together with a copy of petition of appeal with James M. Cummings, a free white person above the age of fourteen, at the last domicil of Daniel Veuve, in the parish of Iberville."

*Ilsley*, for defendant and appellant.

EASTERN DIS  
January, 1834.  
━━━━━━  
VEUVE  
vs.  
RIGHTER.

*Ives* and *Labauve*, for plaintiff and appellee, moved to dismiss the appeal for want of the proper citation, and in support of this ground, Thos. E. Ives, Esq., made affidavit "that, at the time when the petition of appeal purports to have been served, the plaintiff and appelle was a resident of the State of Louisiana; that the officer who served the petition of appeal was apprised of that fact as also some of the counsel of the defendant and appellant by this affiant, at the time when the said officer had in his hands the petition and citation of appeal in the above suit."

MATHEWS, J., delivered the opinion of the court.

In this case a motion is made to dismiss the appeal on account of irregularity in its service.

The return of the sheriff shows the service of the citation to have been made by leaving a copy thereof, and copy of the petition of appeal at the last domicil of the appellee, with a free white person above the age of fourteen.

According to the articles 581 and 582 of the *Code of Practice*, the service of citation in an appeal, must be made on the appellee if he reside within the state; such service may be made personally, or by leaving a copy thereof at the usual domicil of the appellee.

The motion to dismiss is supproted by an affidavit showing the residence of the appellee to be within the state; and the return of the officer does not conform to the provisions of the *Code of Practice*. There is an evident difference, and that essential between the usual and last domicil of a person within the state; the latter phrase would employ the removal of such person. But in the present case it is shown that the appellee still resided in the state at the time of the pretended service of the citation, which should have been made on him, either personally or leaving a copy as requested by law, at his usual domicil.

*Service of the citation and petition of appeal at the last domicil of the appellee, residing within the state is insufficient, it should have been at his usual residence.*

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed, at the costs of the appellant.